IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JASON ARIK MARQUEZ,<br><br>Petitioner,<br><br>vs.<br><br>MONTANA STATE PRISON; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 20-43-M-DLC-KLD<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On March 30, 2020, Petitioner Jason Arik Marquez filed this action under 28 U.S.C. § 2254.[1]  Marquez is a state prisoner proceeding pro se challenging a sentence handed down in 2016, in Montana's Eleventh Judicial District, Flathead County, for Criminal Endangerment.  (Doc. 1 at 2-3.)  For the reasons set forth below, Marquez's petition should be dismissed.

**I.      28 U.S.C. § 2254 Petition**

The Court is required to screen all actions brought by prisoners who seek relief.  28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988) (pro se prisoner's document deemed filed at the time prisoner delivers it to prison authorities).

1

upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. Because Marquez's claim is unexhausted, his petition should be dismissed without prejudice.

I. Procedural History/Marquez's Claims

Marquez originally received a 10-year suspended sentence. On September 22, 2016, the district court revoked Marquez's sentence due to violations of the conditions of his sentence. Marquez was resentenced to a 10-year term at the Montana State Prison. See e.g., (Doc. 1-1 at 1.)

Marquez filed a direct appeal. Pursuant to a stipulation of the parties, Marquez's case was remanded to the district court with a directive that Condition 37 of the Judgment, designating Marquez a Level 2 Sexual Offender, be stricken. See, *State v. J. Marquez*, Cause No. DA 16-0496, Or. (Mont. April 25, 2017).[2] The Court held that the district court lacked authority to impose a sexual offender designation for the offense of Criminal Endangerment. *Id*. On June 26, 2017, the district court entered an Amended Judgment striking Condition 37. See, *State v.*

---

[2] All state court briefing and orders available at: https://appecm.mt.gov/PerceptiveJUDDocket/ (accessed May 19, 2020).

2

*Marquez*, DC-15-261D, Amd. Judg. at 6 (filed June 26, 2017).[3]

Before this Court, Marquez asserts he should be dismissed from Montana's Sexual Offender Registry. *Id*. at 4, ¶ 15(A). Additionally, Marquez believes all of conditions of his sentence related to sexual offenders should be amended in his state court judgment.[4] *Id*. at 4, ¶ 15(B).

According to Marquez, he contacted the district court and requested that the conditions of his sentence be amended. Marquez was apparently advised that although he would not have to register as a Sexual Offender pursuant to the Flathead County Criminal Endangerment conviction, he may be required to do so due to an older conviction out of Cascade County. *Id*. at 5-6. It appears the district court refused to amend any additional conditions of Marquez's Flathead County sentence. See, *State v. Marquez*, DC-15-261D, Dkt., Filing # 91, Ord. Den. Mtn. to Amd. (filed Feb. 4, 2020).[5]

Marquez has not sought postconviction relief, nor has he filed a state petition for habeas relief. (Doc. 1 at 3.)

Marquez asks this Court to dismiss him from the Sexual Offender Registry

---

[3] The Clerk of Court will be directed to file a copy of this document into the record. Proceedings, including orders and filings, in other courts, including state courts, are also the proper subject of judicial notice when directly related to the case. *Tigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).
[4] According to Marquez, these conditions include: 20, 22, 28-36, and 38-49. See, (Doc. 1 at 4, ¶ 15(B)).
[5] The Clerk of Court will also be directed to file a copy of this document into the record.

3

and remove all condition of his sentence that pertain to sexual offenders. (Doc. 1 at 6, ¶ 18.)

## II. Analysis

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet

all three prongs of the test in one proceeding.  "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

As a preliminary matter, Marquez is advised that errors of state law, including purported sentencing errors, generally do not warrant federal habeas relief.  See, *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.")   But in the present case, the Montana Supreme Court has never considered the claims Marquez attempts to advance. Although Marquez appears to have presented his claims to the district court, he has not appealed the denial of his Motion to Amend Conditions, nor has he sought collateral review in the form of a either a petition for postconviction relief or an application for habeas review.

While this Court is not commenting on the potential merit and/or cognizability of Marquez's present claims, before he can file a federal habeas petition, he must give the state courts one full opportunity to review constitutional claims.  *O'Sullivan*, 526 U.S. at 845.  Because Marquez has not yet exhausted his available state court remedies, this Court cannot review the claims.  *See Rose v. Lundy*, 455 U.S. 509 (1982).  Dismissal should be **without prejudice**, allowing Marquez to return to this Court if and when he fully exhausts his sentencing-

related claims.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Marquez has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, there are no close questions and reasonable jurists would find no basis to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

The Clerk of Court is directed to file a copy of the June 26, 2017, Amended Judgment entered in *State v. Marquez*, DC-15-261D, and a copy of the docket sheet for *State v. Marquez*, DC-15-261D, into the record in this matter.

**RECOMMENDATION**

1. Marquez's Petition (Doc. 1) should be DISMISSED **without prejudice** as unexhausted.

2. The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Marquez may object to this Findings and Recommendation within 14 days.  28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Marquez must immediately notify the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 19th day of May, 2020.

> */s/ Kathleen L. DeSoto*
> Kathleen L. DeSoto
> United States Magistrate Judge