IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



**FILED**

JUN 1 7 2020

Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| JASON ARIK MARQUEZ, | CV 20–43–M–DLC |
| Petitioner, | |
| vs. | ORDER |
| MONTANA STATE PRISON;<br>ATTORNEY GENERAL OF THE<br>STATE OF MONTANA, | |
| Respondents. | |

Before the Court is the Order and Findings and Recommendations of United States Magistrate Judge Kathleen L. DeSoto.  (Doc. 3.)   Judge DeSoto recommends that the Court dismiss Jason Arik Marquez's petition for habeas corpus relief (Doc. 1) based on his failure to exhaust his state court remedies. (*Id.*)   She further recommends denying a certificate of appealability.  (*Id.*)

Marquez has not filed objections to Judge DeSoto's Findings and Recommendations, 28 U.S.C. § 636(b)(1)(C), so the Court reviews for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).   Clear error is "significantly deferential" and exists if the Court is left with a "definite and firm conviction that a

-1-

mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

**DISCUSSION**

Following its review of Judge DeSoto's Findings and Recommendations (Doc. 6), the Court finds no clear error in her conclusion that Marquez's petition (Doc. 1) should be dismissed without prejudice.   However, the Court reaches that conclusion for a different reason.   Where Judge DeSoto found that Marquez failed to exhaust his state court remedies before pursuing federal habeas relief, the Court finds that Marquez's petition simply is not cognizable in habeas.

**I.    Habeas Analysis**

In the Court's view, Marquez's petition does not fall within the "core of habeas corpus."   *See Nettles v. Grounds*, 830 F.3d 922, 925 (9th Cir. 2016).   At the core of habeas corpus are "[c]hallenges to the validity of any confinement or to the particulars affecting its duration."   *Muhammed v. Close*, 540 U.S. 749, 750 (2004) (per curiam).   To that end, "*if* success in [a state prisoner's] action would necessarily demonstrate the invalidity of confinement or its duration," the matter falls within the exclusive province of habeas, and "such claims may not be brought in a § 1983 action."   *Nettles*, 830 F.3d 922 at 927 (citation omitted) (emphasis in original).   As the Supreme Court has pointed out, no authority supports its

-2-

recognition of "habeas as the sole remedy, or even an available one, where the relief sought would 'neither terminat[e] custody, accelerat[e] the future date of release from custody, nor reduc[e] the level of custody.'"   *Skinner v. Switzer*, 526 U.S. 521 at 534 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring)) (alterations in original).

On the other side of the coin, "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are *not* within the core of habeas corpus." *Nettles*, 830 F.3d 922 at 927 (emphasis added).   That is, where the validity of challenged proceedings "would not necessarily affect the length of time to be served, then the claims falls outside the core of habeas and may be brought in § 1983." *Id.* at 929.

The relief Marquez seeks would neither terminate his custody, accelerate the future date of his release from custody, nor reduce his level of custody.   *See Skinner*, 526 U.S. 521 at 534.   Marquez asks the Court to dismiss him from Montana's Sexual Offender Registry, and further asserts that any condition of his parole that are "sexual offender related" should be amended.   (Doc. 1 at 4.)   But, whether Montana's Sex Offender Registry lists Marquez, or whether conditions of his eventual parole relate to sex offenders, does not necessarily affect the length of time he serves for his instant conviction.   Furthermore, the state court informed

Marquez that he would not have to register as a sex offender as a result of the conviction for which he is currently incarcerated—felony criminal endangerment—but told him that he may still have to register as a result of a 2005 conviction.   (*Id.*)   Be that as it may, this action simply does not fall within the core of habeas corpus.   As such, a § 1983 action is the exclusive vehicle for his claims.

In this circumstance, the Ninth Circuit agrees with the Seventh Circuit's approach.   *Nettles*, 830 F.3d at 936.   "[I]f a *pro se* litigant asks for habeas corpus when he should have brought a civil rights suit, all he has done is mislabel his suit, and either he should be given leave to plead over or the mislabeling should be simply ignored."   *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005) (citation omitted).   However, *Glaus*'s recharacterization directive is not without limit.   *Id.* Only where the petition "is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief" may the court recharacterize it as a § 1983 action.   *Id.*

Here, Marquez's petition is not amenable to the Court's conversion.   As was the case in *Glaus*, the warden of the Montana State Prison is "almost surely not the proper defendant" if the Court were to convert Marquez's claim into a civil rights claim.   *See id.* at 389.   As the *Glaus* Court explained, "[t]he right

-4-

respondent in a § 2254 action is the warden of the prison; the right defendants in a § 1983 suit are the persons whose wrongful acts harmed the plaintiff." *Id.* (citation omitted).

Under this circumstance, the appropriate course of action is dismissal without prejudice. *Id.*   The Court is careful to advise Marquez, pursuant to the *Glaus* Court's directive, of the following:

> (1) that the court is not making a decision on the ultimate merit of the case; (2) that the prisoner may refile immediately under the proper legal label, subject to the normal rules such as those prohibiting frivolous lawsuits; and (3) that refiling under the proper label will probably have certain consequences.

*Id.* at 390.   Specifically, the Court warns Marquez that if he chooses to pursue his claims under § 1983, "an adverse decision might count toward the three free civil rights claims the [Prison Litigation Reform Act] allows him." *Id.* (citing 28 U.S.C. § 1915(g)).   The Court also notes that any § 1983 claim related to Marquez's parole conditions, if cognizable, may not yet be ripe, especially in light of the state court's instruction that he would not have to register as a sex offender based on his current conviction.   In other words, Marquez's Sex Registry claim may "rest upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998).

## II.  Certificate of Appealability

Where, as here, a claim is dismissed on procedural grounds, "the petitioner seeking a COA [Certificate of Appealability] must show both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court will grant a COA in this case.   The Court agrees with Judge DeSoto that on her rationale, a COA should not issue.   But, because the Court took a different approach to resolution, it believes a COA is now appropriate. Reasonable jurists might find that at least one of Marquez's challenged conditions unconstitutionally infringes on his liberty, and no Ninth Circuit case appears to be squarely on point with the facts presented here.

### ORDER

For the foregoing reasons, IT IS ORDERED that:

(1)     The Findings and Recommendations (Doc. 3) is ADOPTED IN PART AND REJECTED IN PART;

(2)     This matter is DISMISSED WITHOUT PREJUDICE, subject to refiling consistent with this Order, and the Clerk of Court is directed to close this

-6-

matter and enter judgment of dismissal without prejudice;

(3)     A certificate of appealability is GRANTED.

DATED this __17th__ day of June, 2020.

Dana L. Christensen, Chief Judge
United States District Court